IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 7, 2021

**STATE OF TENNESSEE v. DANA BAKER**

**Appeal from the Circuit Court for Madison County**
**No. 20-01     Roy B. Morgan, Jr., Judge**

————————————————————

**No. W2021-00498-CCA-R3-CD**

————————————————————

TIMOTHY L. EASTER, J., dissenting.

I agree with the majority opinion that any alleged Fourth Amendment violation does not bar Defendant's conviction. I respectfully disagree that the evidence did not show that Defendant intentionally prevented or obstructed the service of the criminal summons and recklessly assaulted officer Kelly Mason.

As shown on the officer's body camera video, the police officers approached the house and saw Defendant and Mrs. Baker in the garage. Officer Mason held up the criminal summons and stated, "I hate to be the bearer of bad news, but the neighbor is prosecuting." The officers entered the garage. Defendant said, "[N]obody is leaving this property[]" and told Mrs. Baker to go inside the house. Defendant moved towards and passed through the doorframe of the house. Once inside, Defendant ordered Mrs. Baker over to him. Mrs. Baker passed through the door, and Defendant attempted to forcefully shut the door on the officers. I believe Defendant's conduct here rises to the level of preventing or obstructing the service of process on his wife, and not simply Defendant's "delivery" being "more vehement than necessary."

Defendant cites to *State v. Burgess*, 532 S.W.3d. 372 (Tenn. Crim. App. 2017), to argue that he merely helped Mrs. Baker "evade or avoid" service of process. 532 S.W.3d at 392. In *Burgess*, the defendant was the subject of the process (civil) attempting to be served. *Id*. at 374. The deputies serving the civil process knocked on the defendant's mother's door and spoke with her. *Id*. 392. This Court reversed the trial court's ruling that the defendant had obstructed or prevented service of civil process and held that the defendant had merely evaded service of process. *Id*. at 393.

Here, unlike in *Burgess*, the officers visited Defendant's house to serve a criminal summons on his wife. Defendant was not the subject of the process (criminal summons)

attempting to be served. A criminal summons is slightly different from a civil summons. Tennessee Code Annotated section 40-6-215(j) provided the two officers with the authority to serve the criminal summons on Defendant's wife. *See* T.C.A. § 40-6-215(j).[1] Subsection (h) of the statute states, "[I]f the person to receive the [criminal] summons refuses to sign and accept the summons, the person shall be taken immediately before a magistrate." T.C.A. § 40-6-215(h). After the officers saw Defendant and his wife in the garage, the officers notified the Bakers that the neighbor was prosecuting. The body camera footage showed Defendant comment that no one was leaving the property, tell Mrs. Baker to go inside the home, and Mrs. Baker retreat inside their home before Defendant attempted to slam the door on the officers, hitting one of the officer's arms with the door in the process. Thus, I am satisfied the evidence is sufficient to support Defendant's conviction for obstructing service of process.

The lead opinion also concludes the evidence did not establish that Officer Mason's injury was actually the result of Defendant's reckless conduct. When viewed in the light most favorable to the State, I am satisfied the body camera recording shows Defendant's conduct to be, at a minimum, reckless. Defendant and his wife tried to close the door. Officer Mason's arm was near the upper left area of the door. Officer Mason testified that the door struck his arm when Defendant and Mrs. Baker attempted to forcefully shut the door. The unrebutted proof established that Officer Mason suffered a "[c]ontusion of left ulnar nerve; . . . [m]uscle strain of left forearm." In my view, the evidence established that Officer Mason's injury was caused by Defendant's reckless assault on the officer.

The lead opinion also states the officers had no right to enter the Baker residence to serve the summons absent consent to do so, and thus Defendant's action in closing the door to the officers cannot form the basis of a conviction for preventing or obstructing the service of the summons. In my view, Mrs. Baker's refusal to sign and accept the criminal summons justified the officers' entrance into the house. *See* T.C.A. § 40-6-215(h). "[I]f the person to receive the [criminal] summons refuses to sign and accept the summons, the person *shall* be taken immediately before a magistrate for the setting of terms and conditions of a defendant's release." *Id*. (Emphasis added).

Accordingly, I would affirm both convictions.

_____
TIMOTHY L. EASTER, JUDGE

---

[1] The service of a criminal summons pursuant to this statutory authority is not addressed in the lead opinion, which relies solely on Rule 4 of the Tennessee Rules of Criminal Procedure.